**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                  Case No. 26-CR-28-JFH

KIRK GREGORY KUYKENDALL and
JESSICA ANN JAMES,

        Defendant.

## OPINION AND ORDER

Before the Court is a Unopposed Motion to Continue Jury Trial and All Related Scheduling Order Dates ("Motion") filed by Defendant Jessica Ann James. Dkt. No. 37. The Motion states the United States of America ("Government") does not oppose the requested continuance. *Id.* at 1. Co-defendant Kirk Gregory Kuykendall has also moved, unopposed, for a determination of competency and filed a notice of insanity defense. Dkt. Nos. 39-40. So, for the reasons set forth below, the Motion to Continue is GRANTED.

The Motion falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. *Id.* The statute permits a court to consider whether "the failure to grant such a continuance ... would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was

intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." *Id.* at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

Defendant James requests additional time to address outstanding discovery the Government has not yet produced, to investigate allegations of domestic violence by Co-Defendant Kuykendall that counsel believes are relevant to her defense, and to evaluate whether the case requires expert witness testimony in domestic violence. Dkt. No. 37 at 1. The Court finds Defendant James has executed a speedy trial waiver, asking the Court to exclude any period of delay for an end of justice continuance. Dkt. No. 38.

Defendant Kuykendall has also moved for a psychiatric and/or psychological evaluation and that the results of that evaluation be reported to the Court to aid in resolving his competency. Dkt. No. 39. He further requests that, after receipt of the competency evaluation report, the Court hold a hearing pursuant to 18 U.S.C. § 4241(c) to determine whether, by a preponderance of the evidence, he is presently suffering from a mental disease or defect rendering him incompetent to

the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *Id.*

Finally, in addition to considering Defendants' interests, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

IT IS THEREFORE ORDERED that the Motion filed at Dkt. No. 37 is GRANTED. The jury trial set for May 4, 2026 at 8:45 a.m. is stricken. The following amended scheduling order is hereby entered:

Joint status report regarding production of discovery filed: **4/13/2026**

Notices filed: **4/13/2026**

This includes all notices required by the Rules of Criminal Procedure and Evidence, including but not limited to, notices pursuant to Rule 16, 404(b), 412, 413, 414, or 609.

Motions to dismiss for insufficient indictment filed: **4/13/2026**

All other motions and objections to notices filed: **4/20/2026**

Absent good cause, motions in limine shall be filed by this date

Motions for bill of particulars shall be filed pursuant to FRCrP 7(f)

Pretrial conference: **5/14/2026     at 9:30 a.m.**

Voir dire, jury instructions, stipulations, & trial briefs filed: **5/22/2026**

Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): **5/28/2026     by 4:00 p.m.**

Three hard-copy exhibit binders delivered to Court: **5/28/2026     by 4:00 p.m.**

Jury trial: **6/1/2026     at 8:45 a.m.**

Due to the Court's multi-district caseload, this schedule is relatively inflexible.

Pursuant to LCrR 12.1(E), any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

Only one omnibus motion in limine per party and one motion to suppress per defendant is permitted without leave of Court.

The Court shall summarily deny without prejudice any motion that does not comply with LCrR 12.1(B), which requires a motion state on the first page whether or not opposing counsel objects to the motion.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial.  Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the pretrial docket call) will be set.  The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the change of plea hearing.

The parties are encouraged to review the Court's Chambers Rules.

IT IS FURTHER ORDERED that the time from May 4, 2026, inclusive, to June 1, 2026, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

Dated this 26th day of March, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE